ANNIE E. CRAWFORD, ADMINISTRATRIX, ETC., OF WILLIAM A. CRAWFORD, DECEASED, RESPONDENT, *v.* ANTOINETTE L. BROKAW, APPELLANT.

*Pleading — an order, made upon a motion for a new trial, which presents, by allowing an amendment of a reply, a new issue, and also decides it, is improper.*

An action was brought by the administratrix of William A. Crawford upon a promissory note for $1,000, given by Antoinette L. Brokaw to said Crawford, to which Brokaw interposed a defense of the payment of $350, and set up as a counter-claim a note for $775 given her by Crawford.

The administratrix replied denying both the payment and the counter-claim, and upon the trial of the action recovered the full amount claimed.

Upon a motion for a new trial the court made an order determining that the verdict was against the evidence, but the judge, having decided from the evidence that there was no consideration for the $775 note, further ordered that if the plaintiff should stipulate to allow the $350 payment, and should also serve *nunc pro tunc* an amended reply, alleging that the $775 note was without considera-

tion, she might have judgment for the $1,000 note, less the $350 payment. The plaintiff complied with the terms of the order and entered judgment accordingly.

Upon an appeal from this judgment and order:

*Held,* that the order was erroneous.

That its effect was to raise an. issue, *i. e.,* the question as to the consideration of the $775 note, which had never been passsed upon by the jury, and upon the court's decision of that issue to allow a judgment to be entered against the defendant.

APPEAL by the defendant, Antoinette L. Brokaw, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Saratoga on the 31st day of January, 1891, upon a recovery by the plaintiff of $797; a verdict for $1,254.16, rendered upon a trial had at the Saratoga Circuit before the court and a jury, having been reduced upon a motion for a new trial. The defendant also gave notice of her intention to bring up for review upon the appeal all that part of an order made upon her motion for a new trial which allowed the plaintiff to enter judgment on serving an amended reply to the $775 note set up in the answer as a counter-claim, stating in said amended reply that there was a failure of the consideration for which the note was given, and which allowed the plaintiff to enter judgment on serving the stipulation mentioned in said order.

*C. S. Lester,* for the appellant.

*John Foley,* for the respondent.

PUTNAM, J.:

This action was brought on a note dated September 28, 1885, made by defendant to plaintiff's intestate. The defendant did not dispute the genuineness of the note, but alleged in her answer a payment thereon of $350, and as a counter-claim set up a note made by the intestate to her dated October 19, 1885, for $775. The plaintiff served a reply denying the genuineness of the said note and said alleged payment.

The jury found in favor of the plaintiff for the full amount of her note, disallowing the alleged payment and the note set up by defendant as a counter-claim. The trial judge entertained and considered carefully a motion made by defendant for a new trial, and determined that the verdict of the jury was against the weight of

evidence as to the genuineness of the note on which the defendant claimed, and of the receipt for the $350 payment produced by her upon the trial, and awarded defendant a new trial unless the plaintiff should stipulate to allow said payment, and also should serve an amended reply setting up a failure of consideration of the said note.

The judge held, under the issues as formed by the pleadings, that the verdict was not sustained by the evidence and that the defendant was entitled to a new trial. But that the evidence in the case indicated that there was a failure of consideration of the note set up as a counter-claim, and no such defense being alleged in the reply he allowed the plaintiff to serve an amended reply asserting, as to such note, the defense of want of consideration.

The plaintiff thereafter served a stipulation allowing the payment set up in the answer, and also an amended reply, and in pursuance of the order of the judge entered judgment for the sum of $808, being the amount demanded in the complaint, less the payment as claimed by defendant.

The question is not before us as to whether the trial judge, in holding that the verdict of the jury, against the genuineness of the receipt and note produced by defendant upon the trial, was against the weight of evidence, reached a correct conclusion or otherwise. The defendant moved for a new trial, which the court granted, unless the plaintiff would make a deduction from the amount of the verdict and serve an amended reply. The plaintiff acquiesced in the determination of the trial judge and has not appealed from his decision, but has taken the benefit of his order. The only question before us, therefore, is whether the court below was authorized to allow an amended reply to be served by the plaintiff, and the verdict to stand on such reply being interposed.

On the issues formed by the pleadings, existing at the time of the trial, the judge set aside a verdict of the jury. But he allowed a new issue to be made by an amended reply, and the verdict to stand as reduced by plaintiff's stipulation as a verdict on that issue.

The objection to the order so made is that the jury, in fact, never passed upon the issue formed by the amended reply. No such case has ever been tried. On the issue so formed the defendant might wish, and be able, to offer other evidence. The jury heard and passed upon a different case. The court below set aside the verdict

upon the case as tried before the jury, and substituted a new issue and allowed the modified verdict to stand as the finding of the jury on that issue. But the jury, in fact, did not render the verdict on the changed issue as allowed to stand. Upon the issues as formed by the amended reply, properly there is no verdict of the jury. It is a verdict made by the court.

I think the court below could not properly make such an order changing the issue on which the jury passed, and allow the verdict to stand as the determination of the jury on an issue not tried before them.

There should be a reversal of the order and judgment and a new trial, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, new trial granted, cost to abide the event.